**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cristobal MANZO–MALDONADO, a/k/a Izariel Amezquita–Pelaez, Defendant—Appellant.**

No. 01–30207.

D.C. No. CR–00–00509–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2002.

Decided July 19, 2002.

Before WOOD,[*] D.W. NELSON, and PAEZ, Circuit Judges.

[*] The Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

## MEMORANDUM **

Cristobal Manzo–Maldonado appeals both his conviction on one count of conspiracy to distribute a listed chemical in violation of 21 U.S.C. §§ 841(d)(2), 846 and his sentence of forty-six months in prison followed by three years supervised release. He contends that the district court erred in denying his motion to suppress evidence found pursuant to a search incident to arrest. He also argues that the district court erred in refusing to grant a two point downward adjustment for minor participation in the drug scheme under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2(b). We affirm Manzo–Maldonado's conviction, but because the district court erred in applying § 3B1.2(b), we vacate Manzo–Maldonado's sentence and remand for resentencing.

As the parties are familiar with the facts, we discuss only those necessary to our determination. We review de novo whether the district court erred in denying Manzo–Maldonado's motion to suppress the $15,790 recovered from him during his arrest as the fruit of an illegal search. *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). We also review de novo whether the district court erred in failing to grant a two-level downward departure under U.S.S.G. § 3B1.2(b) based on Manzo–Maldonado's "minor participant" status. *United States v. Rojas–Millan,* 234 F.3d 464, 472 (2000).

### A. Motion to Suppress

Manzo–Maldonado argues that the district court should have suppressed evidence of the $15,790 because the law enforcement officers lacked probable cause to arrest him without a warrant. We disagree.

Information from an informant may establish probable cause in situations in which that evidence is corroborated by police observation or investigation, *see Illinois v. Gates,* 462 U.S. 213, 241–45, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and in which we can presume that the informant is trustworthy because he has been trustworthy before, *see United States v. Angulo–Lopez,* 791 F.2d 1394, 1397 (9th Cir. 1986); *United States v. Alexander,* 761 F.2d 1294, 1300 (9th Cir.1985). Here, the police independently confirmed that a person matching their CI's description of Manzo–Maldonado was standing at the location where the CI told police that he would be. *See Gates,* 462 U.S. at 242–43, 103 S.Ct. 2317 (discussing *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)). In addition, the CI had been working with the police for months and had provided only reliable information up until that point. This was sufficient to establish probable cause, based on the "totality of circumstances," *Gates,* 462 U.S. at 238, 103 S.Ct. 2317, even without considering the fact that the detective later verified that the CI's phone number had been the last number called from Manzo–Maldonado's phone.

### B. Downward Adjustment for Minor Role

Manzo–Maldonado also contends that the district court applied the wrong standard in determining whether he qualified for a downward departure as a "minor participant" under U.S.S.G. § 3B1.2(b). Although the district court did find that Manzo–Maldonado had a "supervisory role," relative to his two co-defendants, it is not clear from the record that the court considered his role in the entire criminal scheme, as it was required to do under *United States v. Rojas–Millan,* in which

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

we held that the district court must evaluate a defendant's role in the criminal scheme "relative to all participants," not just the ones before the court, 234 F.3d at 472. We therefore vacate and remand the case for resentencing in accordance with *Rojas–Millan.*

AFFIRMED in part, VACATED in part, and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.